IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIL COOPER,<br>    Plaintiff | : | |
| | : | No. 1:17-cv-02064 |
| v. | : | |
| | : | (Judge Kane) |
| LIEUTENANT SHERMAN, et al.,<br>    Defendants | : | |

## MEMORANDUM

Before the Court is the above-captioned action, in which Plaintiff Jamil Cooper ("Plaintiff"), has asserted claims under 42 U.S.C. § 1983 against several Department of Corrections ("DOC") employees at the State Correctional Institution Rockview, in Bellefonte, Pennsylvania ("SCI-Rockview"), for violating Plaintiff's constitutional rights when Defendants allegedly issued Plaintiff a misconduct in retaliation for Plaintiff filing grievances and conspired to find him guilty of the misconduct. (Doc. No. 1.) Presently pending before the Court are: Plaintiff's four (4) motions to compel discovery (Doc. Nos. 19, 23, 34, 41); Plaintiff's motion for an extension of time to file a third motion to compel (Doc. No. 32); Plaintiff's motion to stay discovery and appoint counsel (Doc. No. 29); and a motion for an extension of time to complete discovery (Doc. No. 39); and Defendants' motion to extend the dispositive motion deadline (Doc. No. 49). All motions have been briefed and are ripe for disposition.

**I.    BACKGROUND**

On November 8, 2017, the Court received and docketed Plaintiff's complaint. (Doc. No. 1.) Service of the complaint was ordered on the within-named Defendants on December 21, 2017. (Doc. No. 11.) On February 21, 2018, Defendants filed an answer to the complaint with affirmative defenses. (Doc. No. 16.) Pursuant to the Court's November 13, 2017 Standing Practice Order (Doc. No. 4), discovery was to be completed within six (6) months from

the date that Defendants filed their answer to the complaint, on August 21, 2018. On April 10, 2018, Defendants moved to depose Plaintiff (Doc. No. 18), and were granted permission to do so. (Doc. No. 22).

On April 16, 2018, Plaintiff filed his first motion to compel discovery (Doc. No. 19), seeking the production of certain video recordings by Defendants (Doc. No. 21). Plaintiff avers that he served Defendants with a discovery request on February 28, 2018 to review video footage from SCI-Rockview security cameras on two specific dates. (Id. at 21 at 2, 11, 12.) Plaintiff claims that despite this he has not received a response from Defendants. (Id. at 2.) On May 3, 2018, Defendants filed a brief in opposition (Doc. No. 24), claiming that they are not in receipt of Plaintiff's February 28, 2018 discovery request to review video footage. (Id.) Rather, Defendants provide that they received a request for production of documents dated March 9, 2018, wherein Plaintiff sought the production of personal grievance and misconduct files related to individual Defendants, but not of video footage. (Id.) Defendants state that while they did not receive Plaintiff's February 28, 2018 video requests, they received an April 1, 2018 letter from Plaintiff requesting that Defendants respond to the February 28 video requests within five days. (Id.) Defendants received this letter on April 18, 2018 and responded the same day, indicating that they were not in receipt of the February 28 video requests. (Doc. No. 24-4 at 2.) Accordingly, because Defendants claim that they were never served with the February 28 video requests, Defendants argue that Plaintiff's motion to compel (Doc. No. 19), should be denied (Doc. No. 24 at 5). Plaintiff indicates that he again served a copy of the February 28 video requests on April 28, 2018. (Doc. No. 30.) It appears that while Defendants may not have initially received the February 28, 2018 video request, they are now in receipt of the same. (Doc. No. 37 at 2.)

On April 26, 2018, Plaintiff filed a second motion to compel discovery (Doc. No. 23), seeking the production of "business records" from Defendants. Specifically, Plaintiff seeks "any logs, lists, grievances or other documentation reflecting inmate abuse" or "other documentation evidencing reprimandation [sic] or suspension" against Defendants Sherman, Pilosi, and Weller. (Doc. No. 25-1 at 2, 3.) Defendants oppose this motion on the basis that the requested documents are not "within the possession, custody, or control of the individual defendants named in this litigation." (Doc. No. 31 at 2.) Moreover, Defendants argue that many of the documents requested are not maintained in a searchable manner by the name of an individual Defendant, but, rather, are searchable only by reviewing individual inmate files, which would be unduly burdensome and outweigh any likely benefit. (Id. at 2, 3.) Defendants ultimately state that they do not possess any documents that are responsive to Plaintiff's requests. (Doc. No. 31-2 at 2-16.)

Plaintiff's next motion requests that the Court stay discovery and appoint Plaintiff counsel in light of the current discovery disputes. (Doc. No. 29.) Defendants do not oppose this motion although they do oppose a stay of the discovery deadline on the basis that it is unnecessary. (Doc. No. 33.) Plaintiff next filed a motion for an extension of time to file a motion to compel (Doc. No. 32), arguing that he received an empty envelope in which he presumes Defendants sent to him their responses/objections to his discovery sent to Defendant Wetzel. (Id.) On June 15, 2018, Plaintiff filed his third motion to compel (Doc. No. 34), wherein he seeks an order compelling Defendant Wetzel to produce "any logs, lists, grievances or other documentation reflecting harassment or abuse that was filed against [D]efendant Sherman" as well as "logs, lists, 121 forms, grievances or other documents reflecting harassment or inmate abuse" that were filed against Defendants Thompson, Weller, and Pilosi. (Doc. No.

3

35-1 at 2, 3.) Defendants' oppositional brief provides that while they have asserted appropriate objections, they have "clearly stated that responsive documents do not exist." (Doc. No. 37 at 6; 37-2, Ex. B at 2-10.)

On July 20, 2018, Plaintiff filed a motion for an extension of time in which to complete discovery (Doc. No. 39), as a result of the outstanding discovery disputes described <u>supra</u>. On August 21, 2018, Plaintiff filed his fourth motion to compel responses from Defendants Wetzel and Garman. (Doc. No. 42.) Plaintiff maintains that many of the responses provided by Defendants Wetzel and Garman are incomplete and evasive. (<u>Id.</u>) Defendants oppose this motion to compel, arguing that their responses were not evasive. (Doc. No. 43.) While Defendants argue that their responses were not evasive, Defendants appear to supplement their responses within their brief in opposition to many of Plaintiff's discovery requests. (<u>Id.</u>)

The most recent filing appearing on the docket and addressed by the Court in this Memorandum is Defendants' motion to extend the time for filing dispositive motions (Doc. No. 44), in which they request that the Court extend the dispositive motions period pending the disposition of the numerous discovery disputes (<u>id.</u>).

## II. DISCUSSION

### A. Motion to Appoint Counsel

Plaintiff seeks the appointment of counsel given the numerous discovery disputes among the parties. (Doc. No. 29.) Plaintiff claims that in light of the likelihood of conflicting testimony and his inability to successfully engage in the discovery process and to prosecute this matter, the appointment of counsel is warranted. (<u>Id.</u>) Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).

Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). In Tabron v. Grace, the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include: the plaintiff's ability to present his case; the complexity of the legal and discovery issues in the case; the amount of factual investigation that will be required; the necessity of expert witnesses; and whether "witness credibility is a key issue." Id. Additionally, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 498-99 (citing Tabron, 6 F.3d at 155). Finally, "[t]he plaintiff's ability to present a case is '[p]erhaps the most significant' consideration and depends on factors such as 'the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . along with a plaintiff's ability to understand English . . . [and] the restraints placed upon a prisoner plaintiff by confinement.'" Nunuez v. Wetz, Civ. No. 14-cv-0727, 2017 WL 4698092, at *1 (M.D. Pa. Oct. 19, 2017) (citing Montgomery, 294 F.3d at 501).

In the case at bar, the Tabron factors do not warrant appointing counsel at this time. Plaintiff has the apparent ability to read, write, and understand English, as well was the ability to litigate this action pro se, for he has already filed a complaint, numerous discovery motions, and a motion to appoint counsel. While Plaintiff urges the Court to appoint counsel because of his difficulty in obtaining discovery from Defendants, the Court notes that Plaintiff appears to be actively and effectively pursuing discovery in this matter, and has demonstrated the ability to investigate, prepare, and present comprehensible arguments. Moreover, the Court concludes that the legal issues in this case are not complex, and that this Court's duty to construe pro se pleadings liberally, Riley v. Jeffes, 77 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel at this time.

5

Accordingly, the Court declines to appoint counsel for Plaintiff, however, in the event that future proceedings demonstrate the need for counsel, the Court may consider this matter either sua sponte or upon a motion properly filed by Plaintiff.

B.  **Motions to Compel Discovery**

Federal Rule of Civil Procedure 26(b)(1) defines both the scope and limitations governing the use of discovery in a federal civil action:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often – and appropriately – apply liberal treatment to discovery rules. See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing Great W. Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). "The moving party must demonstrate the relevance of the information sought to a particular claim or defense." Montanez v. Tritt, Civ. No. 14-1362, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). "The burden then shifts to the opposing party, who must demonstrate in specific terms

why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Id. (citing Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982)).

It is well established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). The Court's decision regarding the conduct of discovery, including whether to compel disclosure, will be disturbed only on a showing of an abuse of discretion. See Marroquin-Manriquez v. INS, 699 F.2d 129, 134 (3d Cir. 1983).

In Plaintiff's first motion to compel, he seeks to review video footage from specific SCI-Rockview cameras from May 31, 2017 and June 1, 2017. (Doc. No. 21 at 11, 12.) It does not appear that Defendants responded to this request aside from defense counsel's initial April 18, 2018 letter to Plaintiff indicating that Defendants were not in receipt of the February 28, 2018 video requests. (Doc. No. 24-4 at 2.) Defendants advised Plaintiff that he would receive objections from counsel because the video footage is not within the "possession, custody, or control of the named defendants." (Id.) The April 18, 2018 letter also states that counsel would object to providing video footage to Plaintiff because such footage is confidential and protected by official information privilege. (Id.) However, as of June 29, 2018, it appears that Defendants are in receipt of Plaintiff's initial February 28, 2018 video requests and indicate that they would respond to the same, "presumably resolving the motion to compel." (Doc. No. 37 at 2.) To date, Plaintiff has not renewed this motion to compel.

It is unclear whether Plaintiff has had the ability to review the video footage as requested in his February 28, 2018 discovery request. However, because Plaintiff's motion to compel

7

(Doc. No. 19), was served prior to Defendants ever receiving Plaintiff's original discovery requests, the Court cannot compel Defendants to respond to a request they never received. See, e.g., McAllister v. Weikel, No. 1:12-cv-2273, 2015 WL 3953048, at *4 (M.D. Pa. June 29, 2015). Consequently, the Court will deny this motion to compel. (Doc. No. 19.) However, in light of Plaintiff's pro se status, and given the ambiguity of the current record before the Court, Plaintiff will be granted the opportunity to re-serve this motion to compel should parties fail to resolve the aforementioned issues.[1]

Plaintiff's second motion to compel seeks the production of "logs, lists[,] grievances or other documentation reflecting inmate abuse" and business records "evidencing reprimandation [sic] or suspension" against Defendants Pilosi, Weller, and Sherman. (Doc. Nos 23, 25-1.) Plaintiff maintains that the responses he received are evasive and incomplete. (Doc. No. 25 at 4.) Defendants responded to request 1, 2, and 4 by stating that while they do not have possession, custody, or control of any grievance files of any other inmate other than those generated by Plaintiff, Defendants Sherman, Pilosi, and Weller are not aware of any grievances or other complaints of inmate abuse or coercion filed against them. (Doc. No. 31-2 at 4-10.) Defendants further attach a declaration of Assistant Chief Grievance Officer Keri Moore who declares that "[p]ursuant to a discovery request seeking any grievances reflecting inmate abuse or coercion, filed against [Defendants] Sherman, [] Weller, and [] Pilosi, I conducted a search of the Automated Grievance Tracking System, from January 1, 2017 to present, and was unable to

---

[1] While Defendants appear to have forecasted in an April 18, 2018 letter to Plaintiff that they would object to producing the videos because it is not within the possession, custody, or control of the individually named Defendants, the Court cautions Defendants that such an objection will not be sustained by the Court. See Grigsby v. Munguia, No. 2:14-cv-0789, 2015 WL 3442344 at *4 (E.D. Cal. May 27, 2015). Additionally, it appears that Plaintiff would be entitled to review the video footage. See Pew v. Harris, No. , 2017 WL 1329465, at *8 (compelling defendants to provide prisoner-plaintiff video coverage from security camera for his review).

8

locate any grievance filed against these individuals related to those issues." (Doc. No. 31-3 at 5, 6.) Similarly, in response to request 3, which requests "any misconduct appeals from inmates alleging that Defendant Pilosi failed to comply with Department of Corrections policy[,]" Defendant Pilosi maintains that she does not possess or have access to any misconduct appeal filed by any other inmate because that information is in the possession of the DOC, but that she obtained Plaintiff's misconduct appeal. (Id. at 8.) She also responds that she is not aware of any misconduct appeal alleging that she failed to follow DOC policy. (Id.) Defendants further object to the relevance of these requests. (Id. at 4, 6, 8.)

Plaintiff's request for any logs, lists, grievances, or other documentation reflecting inmate abuse against Defendants Sherman, Pilosi, and Weller, as well as misconduct appeals, do not pertain to the instant allegations, and the requested information would presumably include confidential information of other inmates. Beyond the apparent privacy concerns surrounding the releasing information about other inmates, such a request is overbroad and unduly burdensome. See McAllister, 2015 WL 3953048, at *3. Because Plaintiff failed to sustain his burden of proving the relevance of this requested information, Plaintiff's motion to compel will be denied as to requests 1 through 4. Moreover, despite Defendants' objections, they appear to have supplied an answer to Plaintiff's requests, including a declaration from Keri Moore that such documents do not exist. (Doc. No. 31-3 at 5, 6.) Accordingly, Defendants cannot produce what does not exist. See Amfosakyi v. Frito Lay, No. 1:11-cv-651, 2011 WL 5593133, at *3 (M.D. Pa. Nov. 17, 2011) (providing that "[i]t is clear that the [C]ourt cannot compel the production of things that do not exist. Nor can the [C]ourt compel the creation of evidence by the parties who attest that they do not possess the material sought by an adversary in litigation").

9

In requests 5 through 7, Plaintiff requests any "logs, lists, business records, or other documentation" of Defendants Weller, Pilosi, and Sherman "evidencing reprimandation [sic] or suspension for engaging in conduct not condoned" by the DOC. (Doc. No. 31-2 at 11-16.) Defendants respond that they do not "possess or have access to any confidential personnel file as this information is in the possession, custody, or control of the "[DOC]." (Id. at 12, 14, 16.) Defendants further provide that they are "not aware of any reprimand or suspension related to engaging in conduct not condoned by the [DOC]." (Id.)

Documents are deemed to be within a party's "'possession, custody, or control' if the party has actual possession, custody or control, or has a legal right to obtain the documents on demand." Dixon v. Williams, No. 4:13-cv-02762, 2016 WL 631356, at *3 (M.D. Pa. Feb. 17, 2016) (quoting In re Bankers Tr. Co., 61 F.3d 465, 469 (6th Cir. 1995) (citing Resolution Tr. Corp. v. Deloitte & Touche, 145 F.R.D. 108, 110 (D. Colo. 1992)); see also 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.14[2][b] ("The term 'control' is broadly construed."). Specifically, control is defined as "the legal right, authority, or ability to obtain upon demand documents in the possession of another." Dixon, 2016 WL 631356, at *3 (quoting Florentia Cont. Corp. v. RTC, No. 92 Civ. 1188, 1993 WL 127187, at *3 (S.D.N.Y. Apr. 22, 1993)).

While it appears that Defendants Weller, Pilosi, and Sherman maintain that they are not aware of any reprimand or suspension related to engaging in conduct not condoned by the DOC, Defendants have the authority and ability to obtain, upon demand from the DOC, their specific personnel files that would confirm the same. See Grigsby v. Munguia, No. 2:14-cv-0789, 2015 WL 3442344 at *4 (E.D. Cal. May 27, 2015) (recognizing that while named defendants in action were correctional officers employed by prison, and prison itself was not a named defendant in

10

the action, the individual defendants employed by the prison have the general ability to obtain documents from prison by requesting them). Accordingly, Plaintiff's second motion to compel (Doc. No. 23), will be granted insofar as Defendants Weller, Pilosi, and Sherman will be directed to supplement their responses to requests 5 through 7 within thirty (30) days, to provide any further responsive information after reviewing their respective personnel file.

In requests 1, 2, 3, and 5 of Plaintiff's third motion to compel (Doc. No. 34), Plaintiff seeks Defendant Wetzel to produce "any logs, lists, grievances or other documentation reflecting harassment or abuse that was filed against [D]efendant Sherman" as well as "logs, lists, 121 forms, grievances or other documents reflecting harassment or inmate abuse" that were filed against Defendants Thompson, Weller, and Pilosi. (Doc. No. 35-1 at 2, 3.) These requests are nearly identical to Plaintiff's second requested documents, with the exception of Plaintiff adding the term "harassment." Id. Request 4 is similar to Plaintiff's second discovery request 3. (Compare Doc. No. 37-2 at 7, with Doc. No. 31-2 at 7.) For the same reasons that Plaintiff's second motion to compel should be denied, the Court will deny requests 1 through 5 of Plaintiff's third motion to compel. The Court again notes that despite Defendants' objections to these requests, they do provide, via the Declaration of Keri Moore, that a search of the automated grievance tracking system was conducted and no grievances were located against these Defendants related to the issue of harassment. (Doc. No. 37-3 at 2, 3.) Again, Defendants cannot produce what does not exist. See Amfosakyi, 2011 WL 5593133, at *3.

Requests 6 through 8 are identical to requests 5 through 7 made in Plaintiff's second motion to compel. Because the Court is directing Defendants to supplement their responses to requests 5 through 7 of Plaintiff's second motion to compel, and because requests 6 through 8 of

11

Plaintiff's third motion to compel are identical, the Court will deny these requests as duplicative.²

Plaintiff's fourth and final motion to compel (Doc. No. 41), seeks Defendant Wetzel and Defendant Garman to provide more specific responses to certain interrogatory requests, claiming, for instance, that Defendants' vague references to DOC policies fails to provide Plaintiff with the precise page and or section to which Defendants refer, thereby placing an undue burden on Plaintiff to have to comb through the policies. (Doc. No. 42 at 3.) From a review of Defendants' oppositional brief (Doc. No. 43), it appears that Defendants provide supplemental responses to the specific requests that Plaintiff sought this Court to compel a more direct answer. (Id.) Accordingly, Plaintiff's fourth motion to compel will be denied as moot.

### C. Motions to Extend Discovery and Dispositive Motions Deadlines

Plaintiff seeks a stay and/or an extension of the discovery deadline (Doc. Nos. 29, 39), and Defendants seek an extension of the dispositive motions deadline (Doc. No. 49). Given that the discovery deadline has already passed, the Court will not stay the discovery deadline. Rather, the Court will grant the motions to extend both the discovery and dispositive motions deadlines as follows. The discovery deadline will be extended to November 26, 2018 and the dispositive motion deadline will be extended to December 28, 2018.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's first motion to compel (Doc. No. 19), will be denied; Plaintiff's second motion to compel (Doc. No. 23), will be granted in part and denied in part; Plaintiff's motion to stay discovery (Doc. No. 29), will be denied; Plaintiff's motion for appointment of counsel (Doc. No. 29), will be denied without prejudice; Plaintiff's motion for an

---

² Plaintiff's motion for an extension of time to file his third motion to compel (Doc. No. 32), will be denied as moot given that Plaintiff's third motion to compel was filed and docketed.

extension of time to file a third motion to compel (Doc. No. 32), will be denied as moot; Plaintiff's third motion to compel (Doc. No. 34), will be denied; Plaintiff's fourth motion to compel (Doc. No. 41), will be denied as moot; and Plaintiff's motion for an extension of the discovery deadline (Doc. No. 39), and Defendants' motion for an extension of the dispositive motions deadline (Doc. No. 44), will be granted. The discovery deadline will be extended to November 26, 2018 and the dispositive motions deadline will be extended to December 28, 2018. An appropriate Order follows.