IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIL COOPER,
    Plaintiff

v.

LIEUTENANT SHERMAN, et al.,
    Defendants

No. 1:17-cv-2064

(Judge Kane)

## MEMORANDUM

Before the Court is Plaintiff Jamil Cooper ("Plaintiff")'s motion to file a supplemental complaint. (Doc. No. 46.) Plaintiff has filed a brief in support of his motion (Doc. No. 46), Defendants have filed a brief in opposition (Doc. No. 49), and Plaintiff has filed a reply (Doc. No. 55). Accordingly, the motion is ripe for resolution.

**I.    BACKGROUND**

Plaintiff is currently incarcerated at the State Correctional Institution Rockview in Bellefonte, Pennsylvania ("SCI Rockview"). He initiated this action on November 8, 2017 by filing a complaint pursuant to 42 U.S.C. § 1983 against Lieutenant Sherman, Corrections Officer Thompson, Mark Garman, Corrections Officer Weller,[1] T. Pilosi, and John Wetzel. (Doc. No. 1.) Plaintiff alleges that on May 31, 2017, he was returning to his cell for evening showers. (Id. ¶ 29.) He asked Defendant Thompson not to lock his cell door so that he could get items he needed for his shower. (Id. ¶ 31.) Plaintiff alleges that Thompson ignored his request and indicated that he would return after he locked down the back side of Range 4. (Id. ¶ 33.) When Thompson returned, he unlocked Plaintiff's cell door. (Id. ¶ 34.) Plaintiff stated that he was

---

[1] In his complaint, Plaintiff named this individual as Corrections Officer Weeler. Subsequent filings, however, indicate that the correct spelling is Weller. The Court will therefore direct the Clerk of Court to amend the docket to reflect the proper spelling of this Defendant's name.

1

going to submit a grievance against Thompson for his actions (id. ¶ 35), and Thompson walked away (id. ¶ 36).

The next day, Plaintiff was returning to his cell for evening count after completing his job assignment. (Id. ¶ 38.) When he arrived, he found that the door was already locked for count. (Id.) Thompson was assigned to pass out feast passes for the inmates on Range 4, and Plaintiff asked him to radio the assigned officer to unlock his cell. (Id. ¶¶ 39-40.) Plaintiff alleges that Thompson responded, "No. You talk to much. The officer that works this range will be up, he's using the bathroom." (Id. ¶ 40.) Plaintiff received a misconduct from Thompson for not being in his cell during evening count. (Id. ¶ 41.) The misconduct stated that Thompson had watched Plaintiff stopping at multiple cells, which caused him to miss lockdown and interfere with count. (Id. ¶¶ 41-42.)

Plaintiff chose to appear before a hearing examiner for the misconduct. (Id. ¶ 43.) He appeared before Defendant Pilosi for a misconduct hearing on June 14, 2017. (Id. ¶ 44.) The hearing, however, was postponed to allow Pilosi time to review Plaintiff's statement and the relevant footage. (Id.) On June 16, 2017, Plaintiff appeared before Pilosi and told Pilosi that Thompson had a grudge against him and was lying in the misconduct report. (Id. ¶¶ 45-47.) Plaintiff alleges that Defendant Weller told him that he agreed that Thompson falsified the misconduct. (Id. ¶ 71.) Plaintiff argues, however, that Weller and Pilosi made him plead guilty to cover up the incident. (Id. ¶¶ 75-77.) Plaintiff appealed, claiming that Thompson retaliated against him by issuing a false misconduct charge and that Weller and Pilosi conspired to cover up the retaliation. (Id. ¶¶ 78-79.)

The same day as the misconduct hearing, Plaintiff was approached by Defendant Sherman as he was entering his housing unit. (Id. ¶ 48.) Sherman had been assigned to respond

to Plaintiff's grievance. (Id.) Plaintiff alleges that Sherman called him a liar before hundreds of people and caused a scene by slamming his hand on a podium. (Id. ¶¶ 49-50.) According to him, Sherman wanted him to withdraw his grievance against Thompson or it would be marked as frivolous. (Id. ¶ 52.) Plaintiff claims that labeling him as a liar and marking his grievance as frivolous diminished the likelihood of receiving relief. (Id. ¶ 64.) After receiving Sherman's response, Plaintiff appealed to Defendant Garman, the Superintendent. (Id. ¶ 57.) Garman upheld the original response. (Id. ¶¶ 60-62.)

In an Order filed on December 22, 2017, the Court directed service of Plaintiff's complaint on Defendants. (Doc. No. 11.) Defendants filed an answer to the complaint on February 21, 2018. (Doc. No. 16.) Because no order was entered establishing a discovery deadline, the parties had a six (6)-month period to conduct discovery, starting from the date the last pleading was filed by that party. See Local Rule 26.4. Discovery therefore closed on or about August 21, 2018.

On October 11, 2018, Plaintiff filed his motion to file a supplemental complaint (Doc. No. 46), the proposed amended complaint (Doc. No. 46-1), and a brief in support (Doc. No. 47). Plaintiff seeks leave to supplement his complaint to add Corrections Officer Kauert as a defendant. (Doc. No. 46-1 ¶ 27-31.) Plaintiff alleges that on April 25, 2018, Kauert conducted a random search of his cell and that during the search, Kauert read legal documents related to this matter and another case filed by Plaintiff. (Id. ¶¶ 92-96.) Plaintiff alleges that Kauert asked him questions about the documents and ultimately removed documents and an allergy pill bottle from his cell. (Id. ¶¶ 99-106.) Plaintiff received a misconduct charge from Kauert related to the possession of contraband. (Id. ¶ 107.) He appeared before Pilosi for a misconduct hearing on May 1, 2018 and pled guilty at that time. (Id. ¶ 108.) Plaintiff appealed the result as well as the

3

confiscation of his documents. (Id. ¶¶ 109-123.) He ultimately received the confiscated items back, but the misconduct remains on his record. (Id. ¶¶ 124, 126.)

Defendants filed their brief in opposition to Plaintiff's motion for leave to file a supplemental complaint on October 17, 2018. (Doc. No. 49.) After receiving an extension of time (Doc. No. 54), Plaintiff filed his reply brief on November 26, 2018 (Doc. No. 55). Subsequently, Defendants filed a motion for summary judgment (Doc. No. 65) and brief in support (Doc. No. 67) on December 28, 2018. Plaintiff then filed a motion to postpone summary judgment (Doc. No. 69) and a motion for an extension of time to respond to the motion for summary judgment (Doc. No. 71). In an Order filed on February 6, 2019, Magistrate Judge Carlson construed Plaintiff's motions as motions for an extension of time to respond and granted Plaintiff an extension of time until March 6, 2019 to respond. (Doc. No. 73.) Plaintiff filed his brief in opposition on February 14, 2019. (Doc. No. 77). Defendants have not filed a reply. Accordingly, the motion for summary judgment is also ripe for resolution and will be addressed by the Court in a separate Memorandum and Order.

## II. DISCUSSION

Plaintiff seeks leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). A supplemental complaint "refers to events that occurred after the original pleading was filed." Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir. 1979). "Factors to be considered by the Court in making [a determination under Rule 15(d)]

4

are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, any resulting prejudice to the other parties in the action, and whether the supplement would be futile." Green v. Klinefetter, No. 3:16-cv-2367, 2019 WL 80443, at *3 (M.D. Pa. Jan. 2, 2019) (citations omitted). However, "when the matters alleged in a supplemental pleading have no relation to the claim set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, Federal Practice and Procedure: Civil § 1506 at 551 (1971).

Plaintiff appears to suggest that he should be allowed to supplement his complaint to include his claims against Kauert because Kauert confiscated documents related to this civil action. (Doc. No. 47 at 2; Doc. No. 55 at 4.) However, after consideration of the claims raised by Plaintiff in his initial complaint and those he seeks to raise in his supplemental pleading, the Court concludes that the proposed claims bear no relation to the claims set forth in the original complaint and that joinder of Kauert as an additional defendant will not promote judicial economy or the speedy disposition of the dispute. Plaintiff's claims against Kauert concern events that occurred one (1) year after the events alleged in the original complaint and are wholly unrelated to the retaliation claims raised in the original complaint. Moreover, as noted above, Defendants' motion for summary judgment is ripe for resolution, and allowing Plaintiff to file his supplemental pleading would not promote the speedy disposition of Plaintiff's dispute against Defendants. While the Court concludes that Plaintiff should not be permitted to file his supplemental pleading in the above-captioned matter, Plaintiff is free to raise his claims against Kauert in a separate civil rights action should he choose to do so.

## III. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion to file a supplemental complaint (Doc. No. 46). However, this denial will be without prejudice to Plaintiff's right to file a separate civil rights action raising his claims against Kauert should he choose to do so. An appropriate Order follows.